11-3675-cv
Nyenhuis v. Metropolitan District Commission

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve,

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
                     *Circuit Judges*.
_____

GABRIELE NYENHUIS,

                     *Plaintiff-Appellant*,

              -v-                                    11-3675-cv

METROPOLITAN DISTRICT COMMISSION, CHARLES P. SHEEHAN, JAMES HARDING, SERGEANT, MATTHEW DANVILLE, OFFICER,

                     *Defendants-Appellees*.
_____

Appearing for Appellant:     Eric Daigle, Daigle Law Group, LLC, Southington, CT.

Appearing for Appellees:     David A. Ryan, Jr., Ryan & Ryan, LLC, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff appeals from the district court's grant of summary judgment which was entered on July 7, 2011, consistent with the decision and order dated July 1, 2011, on plaintiff's 42 U.S.C. § 1983 suit alleging violations of the First and Fourteenth Amendments and pendant state law claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 358 (2d. Cir. 2011).

We conclude that the district court properly granted summary judgment in favor of the defendants. In order to make out a First Amendment retaliation claim, a public employee must first demonstrate that the speech in question "addressed a matter of public concern." *Konits v. Valley Stream Cent. High Sch. Dist.*, 394 F.3d 121, 124 (2d Cir. 2005). Here, the Appellant's complaint to the Connecticut Commission on Human Rights and Opportunities addressed only "a purely private matter, [namely] an employee's dissatisfaction with the conditions of [her] employment," and thus did not "pertain to a matter of public concern." *Sousa v. Roque*, 578 F.3d 164, 174 (2d Cir. 2009) (citation omitted).

In order to establish a due process liberty deprivation the plaintiff must "allege (1) the utterance of a statement about her that is injurious to her reputation, that is capable of being proved false, and that [she] claims is false, and (2) some tangible and material state-imposed burden . . . in addition to the stigmatizing statement." *Velez v. Levy*, 401 F.3d 75, 87 (2d Cir. 2005) (internal quotation marks omitted). In this case, Appellant's loss of earned time, sick time, and overtime is insufficient as a matter of law to constitute such a tangible burden.

We find Nyenhuis's remaining arguments to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2